IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,**<br><br>and<br><br>**MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, DAN BREJC and VERN BAUMAN as Trustees of THE THE FOX VALLEY LABORERS' PENSION FUND,**<br><br>   **Plaintiffs,**<br><br>   v.<br><br>**EAGER CONCRETE CORPORATION, and GREGORY R. KORINKE, individually,**<br><br>   **Defendants.** | FILED: MAY 21, 2008<br>08CV2964   TC<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE SCHENKIER<br><br>Case No.:<br><br>Judge: |

## COMPLAINT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, DAN BREJC and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendants EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, state as follows:

**COUNT I**

**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS,
FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS
AND FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of the Laborers' Pension Fund, the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), the Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC"), and the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Apprentice Fund, the Concrete Contractors Association Industry Fund, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations").

2. Defendant EAGER CONCRETE CORPORATION (herein " Defendant Company"), is an incorporated business that does business within this District and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3. Defendant GREGORY R. KORINKE (herein "Korinke") resides in this district and is an officer and owner of the Defendant Company.

4. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

5. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

6. The District Council and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Defendant Company to make monthly contributions to the fringe benefit funds identified in Paragraph 1 of this Complaint on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions to the District Council for dues and contributions for the Affiliated Organizations; the Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions/dues remitted to each of the respective Funds, the District Council and the Affiliated Organizations on behalf of each covered employee.

7. Pursuant to the Agreement and/or each respective Funds' Trust Agreements, Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

8. Pursuant to the Agreement and wage assignments, the Defendant Company is required to remit wage deductions to the District Council for dues. The Defendant Company is required to remit the dues to the District Council along with a remittance report. Employers who fail to report

and/or remit dues are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

9. Pursuant to the Agreement and/or each respective Funds' Trust Agreements, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds. The Defendant Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

10. Notwithstanding its obligations under the Agreement, the Defendant Company has failed to correctly report and pay contributions/dues owed to each of the respective Funds, the District Council and the Affiliated Organizations for the period of October 2007 and continuing through the present, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries as well depriving the District Council of funds required to be paid for dues.

11. Additionally, as revealed pursuant to an audit for the period of October 1, 2006 through August 31, 2007, the Company has failed to properly report and pay contributions for all of its employees covered by the Agreement to the Laborers' Pension Fund and the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (hereinafter the "Laborers' Welfare Fund")(collectively the "Laborers' Funds").

12. On or about December 12, 2007, the Defendant Company remitted a payment to the

Laborers' Funds that covered all the contribution principal owed pursuant to the audit; however, the Defendant Company has failed to remit payment for the interest, liquidated damages, audit costs or the Laborers' Funds' attorneys' fees and costs incurred in seeking collection of the audit amounts. Subsequently, those amounts remain due.

13. A separate audit of the Defendant Company was conducted on behalf of the Fox Valley Laborers' Welfare Fund and the Fox Valley Laborers' Pension Fund (the "Fox Valley Funds") for the period of June 1, 2006 through August 31, 2007, which revealed that the Defendant Company had also failed to properly report and pay contributions for all of its employees covered by the Agreement to the Fox Valley Funds.

14. On or about December 12, 2007, the Defendant Company remitted a payment to the Fox Valley Funds that was applied towards the amounts owed on the audit; however, the Defendant Company has failed to remit payment for the balance due for the remaining contributions interest, liquidated damages, audit costs owed. Subsequently, those amounts remain due.

15. The Company has also incurred late fees for its failure to timely remit its contributions and report to the Fox Valley Funds as required by the Agreement for various work months, including the work months of June 2006, January 2007, April 2007 and September 2007, which remain unpaid.

16. Since at least June 2006, the Defendant Company has employed employees who performed work covered by the Agreement.

17. Despite demand duly made, the Defendant Company has not remitted the required contributions.

18. All conditions precedent to requiring payment of contributions and submission of reports to each of the respective Funds and the District Council have been met.

19. The Defendant Company's failure to make timely reports and contributions/dues violates ERISA Section 515, 29 U.S.C. §1145, and/or LMRA Section 301, 29 U.S.C. §185.

20. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to each of the Funds for all unpaid contributions, interest, liquidated damages in the amount of 20%, audit costs and reasonable attorneys' fees and court costs.

21. The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to each of the respective Funds and interest on the unpaid contributions will continue to accrue until payment is made.

22. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) and/or the terms of the Agreement, and the Affiliated Organizations' governing trust documents, the Defendant Company is liable to the District Council and the Affiliated Organizations for unpaid contributions/dues, interest, liquidated damages in the amount of 10%, and reasonable attorneys' fees and court costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against EAGER CONCRETE CORPORATION as follows:

1. Finding that EAGER CONCRETE CORPORATION violated the Agreement;

2. Finding that EAGER CONCRETE CORPORATION is liable to the Funds and Affiliated Organizations for all delinquent contributions and dues owed to date to each of the respective Funds and the District Council, interest, liquidated damages, audit fees and attorneys' fees and court costs.

3. Ordering EAGER CONCRETE CORPORATION to pay to Plaintiffs all delinquent contributions and dues, accrued interest and liquidated

damages owed to date and continuing to the present, all accrued delinquencies after the filing of this suit, interest and liquidated damages;

4. Ordering EAGER CONCRETE CORPORATION to file with each of the respective Funds monthly contribution/dues reports for any unreported work month from October 2007 to the present listing the employees, hours worked and contributions due to each Fund, the District Council and the Affiliated Organizations, and further providing all information as required by the rules of the Funds, the District Council and Affiliated Organizations and to pay the amounts revealed to be due based on those reports including contributions, dues, interest and liquidated damages;

5. Ordering EAGER CONCRETE CORPORATION to pay to Plaintiffs all reasonable attorneys' fees and costs incurred in pursuing collections; and

6. Ordering EAGER CONCRETE CORPORATION to submit to a joint payroll audit covering all of the respective Funds named herein and the District Council for any unaudited period through the present and to pay the amounts shown to be due and owing pursuant to the audit, including unpaid contributions, dues, interest, liquidated damages, audit fees and attorneys' fees and costs.

7. Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT II

### EAGER CONCRETE CORPORATION AND GREGORY R. KORINKE, individually, VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY DEDUCTING AND FAILING TO REMIT WAGES

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 of Count I as paragraphs 1 through 22 of Count II.

24. The Construction & General Laborers' District Council of Chicago & Vicinity ("Laborers' District Council") is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this district.

25. Plaintiffs maintain offices and conduct business within this district and are

authorized to collect work dues on behalf of the Laborers' District Council.

26. Defendant EAGER CONCRETE CORPORATION (herein the "Defendant Company"), is an incorporated business that does business within this district.

27. Defendant GREGORY R. KORINKE ("Korinke") resides in this district and on information and belief, is the owner and principal officer of the Company.

28. This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

29. Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

30. During the period of October 2007 and continuing through the present, the Defendant Company's employees performed work for the Company and earned wages.

31. On information and belief, each of the Defendant Company's employees executed written assignments authorizing and directing the Defendant Company to withhold moneys from their wages for remittance to Laborers' District Council in satisfaction of union dues and fee obligations.

32. On information and belief, since October 2007 pursuant to the wage assignments, the Defendant Company deducted money from the employees' wages, but failed to properly remit those amounts to the Laborers' District Council.

33. The Laborers' District Council has demanded payment of the moneys deducted from the employees' wages and withheld by the Defendant Company; however, the Defendant Company has failed to remit to the Laborers' District Council any of the amounts believed to have been deducted from employees' wages.

34. The Defendant Company's conduct violates the Illinois Wage Payment and

Collection Act, 820 ILCS 115/1, et seq.

35. At all material times, Korinke acted directly in the interest of the Defendant Company in relation to its employees.

36. On information and belief, at all material times, Korinke controlled the terms and conditions of employment of the Defendant Company's employees and exercised control over the payment of wages and the withholding of moneys from employees' wages.

37. On information and belief, at all material times, Korinke controlled all disbursements made by the Defendant Company, including the issuance of payroll checks and dues remittance checks.

38. On information and belief, Korinke knowingly permitted the Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to the Laborers' District Council.

39. Korinke personally and actively conducted or participated in the actions of the Defendant Company alleged above causing injury to the Laborers' District Council. Korinke, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for his failure to properly deduct moneys from employees' wages and remit those moneys to the Laborers' District Council for payment of union dues.

WHEREFORE, based on Count II of this Complaint, Plaintiffs respectfully request this Court to enter judgment against EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, as follows:

(a) Finding that EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, personally and individually, violated the Illinois Wage Payment and Collection Act;

(b) Ordering EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, jointly and severally, to pay the District Council all moneys that they failed to properly withhold and remit to the District Council, plus late fees at a rate of 10%.;

(c) Ordering EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, jointly and severally, to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; and

(d) Granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT III

### CONVERSION CLAIM AGAINST EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually

40. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 of Counts I and II as paragraphs 1 through 39 of Count III.

41. Pursuant to the wage assignments believed to have been executed by the Defendant Company's employees, the Laborers' District Council has a right to all wages deducted from employees' wages for remittance to the Laborers' District Council as union dues and fees.

42. After the Defendant Company deducted and withheld money from its employees' wages assigned by the employees to the Laborers' District Council for payment of union dues and fees, the Laborers' District Council had an absolute right to immediate possession of those moneys.

43. After the Defendant Company withheld wages from its employees' wages assigned by the employees to the Laborers' District Council for payment of union dues and fees, Defendant Company was without right or authorization to possess those moneys.

44. Since at least October 2007 and continuing to present, the Defendant Company deducted and withheld moneys from employees' wages for union dues and fees, but the Defendant

Company did not remit that money to the Laborer's District Council in a timely manner, and the Defendant Company appropriated that money for its own use and benefit; and thereby permanently deprived the Laborers' District Council of its property.

45. Plaintiffs have made demand for possession of the monies, but the Defendant Company has not turned over the amounts deducted from the employees' wages.

46. Through the acts and conduct alleged above, the Defendant Company wrongfully converted the Laborers' District Council's property and may justly be required to pay to the Laborers' District Council the full value of that property.

47. On information and belief, Korinke personally withheld moneys from the wages of the employees or personally caused another to withhold those moneys. After the withholding of the employees' wages assigned to the Laborers' District Council as union dues and fees, the Laborers' District Council had an absolute right to immediate possession of those moneys.

48. Korinke knowingly failed to remit to the Laborers' District Council moneys withheld from the employees' wages, or personally caused another to fail to remit those moneys to the Laborers' District Council following the withholding of those moneys. Korinke was without right or authorization to possess those moneys.

49. Korinke appropriated, for his own use and benefit, the moneys withheld from the employees' wages.

50. Plaintiffs have made demand for possession of the monies, but Korinke has not turned over the amounts deducted from employees wages.

51. Through the acts and conduct alleged above, Korinke wrongfully converted the Laborers' District Council's property and may justly be required to pay to the Laborers' District Council the full value of that property.

WHEREFORE, based on Count III of this Complaint, Plaintiffs respectfully request this Court to enter judgment against EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, as follows:

(a) Finding that EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, personally and individually, wrongfully converted the District Council's property;

(b) Ordering EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, jointly and severally, to pay the Plaintiffs all moneys that they failed to properly withhold and remit to the District Council, including interest;

(c) Ordering EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, jointly and severally, to pay the Plaintiffs' costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs; and

(d) Granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361