IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,<br><br>    and<br><br>MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, DAN BREJC and VERN BAUMAN as Trustees of THE THE FOX VALLEY LABORERS' PENSION FUND,<br><br>    Plaintiffs,<br><br>    v.<br><br>EAGER CONCRETE CORPORATION, and GREGORY R. KORINKE, individually,<br><br>    Defendants. | Case No.: 08 C 2964<br><br>Judge Castillo<br>Magistrate Judge Schenkier |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND
TO COMPEL SUBMISSION OF REPORTS**

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, DAN BREJC and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, through their attorneys, Dowd, Bloch & Bennett, pursuant to Fed.R.Civ.P. 55(b)(2), respectfully move this court for entry of default and for an order compelling EAGER CONCRETE COPORATION (hereinafter the "Defendant Company") and GREGORY R. KORINKE (hereinafter "Korinke")(collectively the "Defendants") to comply with the Court's May 27, 2008 Order requiring

the submission to the audit. In support of this motion, Plaintiffs state as follows:

1. This is a claim against Defendant Company for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. § 1145 and enforceable under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2. The Defendant Company is now and at all relevant times has been a party to successive collective bargaining agreements (herein "Agreement") with the Construction and General Laborers' District Council of Chicago and Vicinity (herein "District Council"), which obligate the Defendant Company to make monthly contributions to the Fox Valley Laborers' Health & Welfare and Pension Funds (hereinafter collectively the "Fox Valley Funds") and to the Laborers' Pension Fund and the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (hereinafter the "Laborers' Funds")(Fox Valley Funds and Laborers' Funds shall be referred to collectively as the "Funds") on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions to the District Council for dues and contributions for the Affiliated Organizations.

3. The Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions/dues remitted to each of the respective Funds, the District Council and the Affiliated Organizations on behalf of each covered employee.

4. Notwithstanding its obligations under the Agreement, the Defendant Company has failed to correctly report and pay contributions/dues owed to each of the respective Funds, the District Council and the Affiliated Organizations for the period of October 2007 and continuing

through the present, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries as well depriving the District Council of funds required to be paid for dues.

5. Pursuant to the Agreement and/or each respective Funds' Trust Agreements, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds. The Defendant Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

6. ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), also provides for the collection of all unpaid contributions, interest, liquidated damages in the amount of 20% and reasonable attorneys' fees and court costs against the Defendant Company.

7. Additionally, the Defendant Company has failed to pay certain amounts owed pursuant to prior audits conducted by the Laborers' Funds and the Fox Valley Funds for the periods of October 1, 2006 through August 31, 2007 and June 1, 2006 through August 31, 2007, respectively, as well as late fees and other accumulated amounts due to untimely payments required under the Agreement.

8. As a result of the Defendant Company's violation of the Agreement and failure to remit the required sums due, the Fox Valley Funds, on its own behalf and on behalf of the Laborers' Funds and the District Council, on whose behalf the Fox Valley Funds have been authorized to serve

as collection agents, filed a Complaint on May 21, 2008, seeking the following relief from the Defendants:

(a) That Judgment be entered in favor of the Plaintiffs and against the Defendant Company, finding it liable to the Funds and Affiliated Organizations for all delinquent contributions and dues owed to date to each of the respective funds and the District Council, interest, liquidated damages, attorneys' fees and court costs;

(b) That the Defendant Company be ordered to pay to Plaintiffs all delinquent contributions and dues, accrued interest and liquidated damages owed to date and continuing through the present, all accrued delinquencies after the filing of this suit, interest and liquidated damages;

(c) That the Defendant Company be ordered to file with each of the respective Funds monthly contribution/dues reports for any unreported work month from October 2007 to the present listing the employees, hours worked and contributions due to each Fund, the District Council and the Affiliated Organizations, and further providing all information as required by the rules of the Funds, the District Council and Affiliated Organizations and to pay the amounts revealed to be due based on those reports including contributions, dues, interest and liquidated damages;

(d) That the Defendant Company be ordered to submit to a joint payroll audit covering all of the respective Funds named herein and the District Council for any unaudited period through the present and to pay the amounts shown to be due and owing pursuant to the audit, including unpaid contributions, dues, interest, liquidated damages, audit fees and attorneys' fees and costs;

(e) That the Defendant Company and Korinke, individually, be found to have violated the Illinois Wage Payment and Collection Act;

(f) That the Defendant Company and Korinke, individually, jointly and severally, be ordered to pay the District Council all moneys that they failed to properly withhold and remit to the District Council, plus late fees at a rate of 10%

(g) That the Defendant Company and Korinke, individually, jointly and severally, be ordered to pay the Plaintiffs' costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; and

(h) For such other legal and equitable relief as the Court deems just and proper.

9. The Defendant Company and Korinke were each served with a summons and a copy of the Complaint on June 3, 2008 and their respective Answers were each due on June 23, 2008. Return of Service was filed with the Clerk of the Court on June 20, 2008. A copy of the filing is attached as Exhibit "A." As of the date this Motion was filed, neither of the Defendants had filed an appearance and/or answered or otherwise plead to the Complaint.

10. By Order dated May 27, 2008, this Court administratively dismissed this case without prejudice but retained jurisdiction to enter any appropriate final order. See Exhibit "B." The Order stated that the Defendants should timely answer or otherwise plead to the Complaint and required the Defendant Company to submit to a payroll audit for the period of June 2006 through the present.

11. As the Funds have recently conducted a full scope audit of the Defendant Company for periods through at least August 2007 and contribution reports had been previously submitted by the Defendant Company for periods after August 2007 through March 2008, the Funds did not take

action to seek another full scope audit but requested that the Defendant Company submit reports for periods after March 2008 for purposes of allowing the Funds to determine the Defendants' full liability in this case.

12. A copy of the Order was sent to each of the Defendants on June 17, 2008, and each Defendant was notified of the obligation to submit all outstanding contribution/dues reports to the Fox Valley Funds, the Laborers' Funds and the District Council to satisfy the audit requirement and Order.

13. Additionally, on several occasions, the Plaintiffs' counsel has contacted the Defendants and demanded that the outstanding reports be remitted; however, despite having advised Plaintiffs' counsel that such records would be produced, the Defendants have failed to remit the required reports.

14. The production and review of reports for the relevant period is part of the auditing process and without said reports the Funds can not properly determine the amounts owed.

15. Thus, the Defendants' failure to submit the required reports violates the Court's June 17, 2008 Order and has caused the Funds additional and unnecessary legal fees.

16. Additionally, without submission of said reports, the Plaintiffs can not properly ascertain the amounts the Defendants' owes for purposes of determining liability and exhausting any settlement possibilities.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court to find the Defendants in default for failing to answer or otherwise plead to the Complaint and enter the attached proposed Order compelling the Defendants to submit to the Plaintiffs completed and accurate work reports to the Laborers' Funds, the Fox Valley Funds and the District Council from

April 2008 to the present.

                                                  Respectfully Submitted,

                                                  /s/LaKisha M. Kinsey-Sallis
                                                  One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

## SUMMONS IN A CIVIL CASE

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BRECJ, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, | 08CV2964<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE SCHENKIER |
| and | |
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, DAN BREJC and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, | Docket Number:<br>Assigned Judge: |
| Plaintiffs, | |
| v. | Designated<br>Magistrate Judge: |
| EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, | |

TO:   EAGER CONCRETE CORPORATION
   c/o Gregory R. Korinke, President & Registered Agent
   697 Auburn Ct.
   Crystal Lake, IL 60014

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEY (name and address)

LaKisha M. Kinsey-Sallis
Dowd, Bloch & Bennett
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael W. Dobbins, Clerk**

J. Cervantes

(By) DEPUTY CLERK

May 21, 2008
Date

EXHIBIT A

In the United States District Court

For the Northern District of Illinois, Eastern Division

CASE NAME.: Mike Shales, et al vs. Eager Concrete Corporation and Gregory R. Korinke, individually

CASE NUMBER: 08CV2964

### AFFIDAVIT OF PROCESS SERVER

I, **Robert Brady**, being duly sworn on oath, deposes and states as follows:

1. I am an agent of Elite Process Serving & Investigations, Inc. with its principal place of business located in Plainfield, Illinois 60585. I am authorized to effectuate service of process in the State of Illinois.

2. Elite Process Serving & Investigations, Inc. is licensed to do business within the State of Illinois by the Illinois Department of Professional Regulations with an Illinois License No. of 117-001199.

3. I am a citizen of the United States of America and an adult over the age of eighteen (18) and not a party to the within case.

4. I was contracted to serve process in the above captioned case.

5. I personally served the within **Summons in a Civil Case and Complaint** in the above captioned matter on **Eager Concrete Corporation c/o its President and Registered Agent Gregory R. Korinke** at his/her usual place of abode located at **697 Auburn Court, Crystal Lake, IL 60014** on **06/03/2008** at **6:30 PM**.
Description: **Sex: Male – Age: 50 – Skin: White – Hair: Gray – Height: 5.9 – Weight: 220-230**

6. The facts and matters set forth above are based upon my personal knowledge and if called to testify herein, I could do so competently.

FURTHER AFFIANT SAYETH NOT

X _____
Robert Brady

Subscribed and Sworn to before me on this ___ day of _____, 20__

_____ Notary Public

"OFFICIAL SEAL"
Melanie Broderick
Notary Public, State of Illinois
My Commission Exp: 03/02/2009

12566

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

## SUMMONS IN A CIVIL CASE

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BRECJ, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, | 08CV2964<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE SCHENKIER |
| and | Docket Number: |
| | Assigned Judge: |
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, DAN BREJC and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, | |
| Plaintiffs, | |
| v. | Designated Magistrate Judge: |
| EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, | |

TO:   GREGORY R. KORINKE, individually
      697 Auburn Ct.
      Crystal Lake, IL 60014

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEY (name and address)

LaKisha M. Kinsey-Sallis
Dowd, Bloch & Bennett
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603

An answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael W. Dobbins, Clerk**

*J. Cervantes*

(By) DEPUTY CLERK

May 21, 2008

Date

In the United States District Court

For the Northern District of Illinois, Eastern Division

CASE NAME.: Mike Shales, et al vs. Eager Concrete Corporation and Gregory R. Korinke, individually

CASE NUMBER: 08CV2964

## AFFIDAVIT OF PROCESS SERVER

I, **Robert Brady**, being duly sworn on oath, deposes and states as follows:

1. I am an agent of Elite Process Serving & Investigations, Inc. with its principal place of business located in Plainfield, Illinois 60585. I am authorized to effectuate service of process in the State of Illinois.

2. Elite Process Serving & Investigations, Inc. is licensed to do business within the State of Illinois by the Illinois Department of Professional Regulations with an Illinois License No. of 117-001199.

3. I am a citizen of the United States of America and an adult over the age of eighteen (18) and not a party to the within case.

4. I was contracted to serve process in the above captioned case.

5. I personally served the within **Summons in a Civil Case and Complaint** in the above captioned matter on **Gregory R. Korinke** at his/her usual place of abode located at **697 Auburn Court, Crystal Lake, IL 60014** by serving **Colleen Korinke, his wife**, an occupant of the premises and/or a person of the family of the age of 13 years or older and informing this person of the contents thereof on **06/03/2008** at **12:00 PM**. I further mailed a copy of each in a sealed envelope with postage prepaid addressed to **Gregory R. Korinke** at the address listed above on **06/04/2008**.
Description: **Sex: Female – Age: 48 – Skin: White – Hair: Brown – Height: 5.8 – Weight: 150**

6. The facts and matters set forth above are based upon my personal knowledge and if called to testify herein, I could do so competently.

FURTHER AFFIANT SAYETH NOT.

X _____
Robert Brady

Subscribed and Sworn to before me on this ____ day of _____ 20__.

_____ Notary Public

"OFFICIAL SEAL"
Melissa Broderick
Notary Public, State of Illinois
My Commission Exp. 10/02/2009

12565

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3
### Eastern Division

Mike Shales, et al.

                              Plaintiff,

v.                                           Case No.: 1:08–cv–02964
                                                        Honorable Ruben Castillo

Eager Concrete Corporation, et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 27, 2008:

      MINUTE entry before the Honorable Ruben Castillo:After a careful review of this recently filed complaint, the Court orders that defendants Eager Concrete Corporation and Gregory R. Korinke submit to an audit by plaintiffs for the time period June 1, 2006 to the present to determine its full liability in this case. Plaintiffs should immediately proceed with service of the complaint and this order and fully exhaust all settlement possibilities for this case. Defendants will be given a full opportunity to contest liability or damages after the audit is completed. Defendants should timely answer or otherwise plead to the complaint. This case is hereby administratively dismissed without prejudice. The Court will retain jurisdiction to enforce this order and enter any appropriate final judgment.Mailed notice(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.



EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,**<br><br>and<br><br>**MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, DAN BREJC and VERN BAUMAN as Trustees of THE THE FOX VALLEY LABORERS' PENSION FUND,**<br><br>Plaintiffs,<br><br>v.<br><br>**EAGER CONCRETE CORPORATION, and GREGORY R. KORINKE, individually,**<br><br>Defendants. | Case No.: 08 C 2964<br><br>Judge Castillo<br>Magistrate Judge Schenkier |

## <u>ORDER</u>

This matter coming before the Court on Plaintiffs' Motion for Entry of Default and to Compel Submission of Reports, the Court being fully apprised on the premises, IT IS HEREBY ORDERED:

   (1)   An Order of Default is entered against Defendants EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, for their respective failures to answer or otherwise plead to the Complaint served upon it.

   (2)   Defendants EAGER CONCRETE CORPORATION and GREGORY R. KORINKE, individually, are jointly and severally, ordered to submit completed and accurate

1

work reports to the Plaintiffs related to the Laborers' Funds, the Fox Valley Funds' and the District Council for the period of April 2008 through the present within 5 days of the date of the Order.

ENTERED BY:

_____

Honorable Judge Ruben Castillo

Date:_____

**CERTIFICATE OF SERVICE**

I, LaKisha M. Kinsey-Sallis, an attorney, hereby certify that I will cause to be served a copy of the foregoing Plaintiffs' Motion for Entry of Default and to Compel Submission of Reports and the attached proposed Order via electronic filing on the parties eligible to receive e-filing and by having copies mailed to the parties not eligible for e-filing on July 15, 2008, before 5:00 p.m., with proper postage at the address indicated.

    Eager Concrete Corporation
    c/o Gregory R. Korinke, Registered Agent & President
    697 Auburn Court
    Crystal Lake, IL 60014

    Gregory R. Korinke
    697 Auburn Court
    Crystal Lake, IL 60014

                                                /s/ LaKisha M. Kinsey-Sallis
                                               LaKisha M. Kinsey-Sallis
                                               One of Plaintiffs' Attorneys